UNITED STATES DISTRICT COURT    FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK

ERSILIA M. GALLO,

         Plaintiff,

     - versus -

MICHAEL J. ASTRUE, Commissioner of
Social Security,

         Defendant.

MEMORANDUM
AND ORDER
10-CV-1918

A P P E A R A N C E S

  LAW OFFICES OF MAX D. LEIFER, P.C.
    628 Broadway, Suite 300
    New York, New York 10012
  By: Max D. Leifer
    Ira Harvey Zuckerman
    *Attorneys for Plaintiff*

  LORETTA E. LYNCH
    United States Attorney
    Eastern District of New York
    271 Cadman Plaza East
    Brooklyn, New York 11201
  By: Seth D. Eichenholtz
    *Attorney for Defendant*

JOHN GLEESON, United States District Judge:

  Seeking compensation pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 406(b)(1), for his successful representation of plaintiff Ersilia Gallo in proceedings before this Court, Max Leifer moves for an award of $10,444 in attorney's fees. In light of the fact that Leifer should have but did not apply for attorney's fees for the same work under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1), I find that the requested amount is unreasonable and award only the difference between the requested amount and the maximum

amount that Leifer could have received had he applied for and been granted fees under the EAJA.

## BACKGROUND

On April 28, 2010, Gallo, represented by Leifer, sought judicial review of the final decision of the Commissioner of Social Security denying her disability and disability insurance benefits. On cross-motions for judgment on the pleadings, I ordered that judgment be entered reversing the decision of the Commissioner and remanding to the Commissioner for reconsideration of Gallo's claim for benefits. *Gallo v. Astrue*, No. 10 Civ. 1918, 2010 WL 3999093 (E.D.N.Y. Oct. 12, 2010). Judgment was entered on October 14, 2010. On remand before the Commissioner, Gallo was found disabled and awarded benefits, including past-due benefits in the amount of $47,444.

Invoking the SSA, Leifer now requests attorney's fees for his representation of Gallo before this Court. In accordance with a contingent-fee agreement with Gallo, he seeks an award of $10,444 for 26.11 hours of work at an hourly rate of $400, to be paid from the past-due benefits granted to Gallo by the Commissioner. Gallo makes no objection to this award. Leifer has not filed for attorney's fees pursuant to the EAJA, and the period for so doing has now expired. *See* § 2412(d)(1)(B).

## DISCUSSION

Under the SSA, "[w]henever a court renders a judgment favorable to a [social security benefits] claimant" who was represented before the court by an attorney, it can allow a fee for that representation, "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." § 406(b)(1)(A). The statute expressly provides that any fee award must be "reasonable." *Id.* The SSA's requirement that

courts must ensure that their fee awards are "reasonable" does not "displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). However, it requires courts to carefully review such agreements "as an independent check, to assure that they yield reasonable results in particular cases. *Id.* The burden of persuasion to show that a fee is reasonable rests with the attorney requesting it. *See id*. at 807 & n.17.

The Supreme Court has offered guidance on how district courts may exercise their discretion in determining whether a requested fee is reasonable. Specifically, it has said that a contingent-fee agreement may "appropriately [be] reduced . . . based on the character of the representation and the results the representative achieved." *Id.* at 808. Because an attorney's failure to apply for EAJA attorney's fees when such an application is appropriate affects both the character of the representation and the results the representative achieved, I conclude that even an otherwise reasonable contingent-fee agreement should be reduced in such circumstances.

Under the EAJA, attorney's fees incurred in an action against the United States "shall" be awarded by a court to a "prevailing party" upon request, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." § 2412(d)(1)(A). In other words, in the absence of special circumstances, EAJA attorney's fees are available unless the government carries the burden of showing that its position was "justified in substance or in the main -- that is, justified to a degree that could satisfy a reasonable person." *Gomez-Beleno v. Holder*, 644 F.3d 139, 145 (2d Cir. 2011) (quoting *Commissioner v. Jean*, 496 U.S. 154, 158 n.6 (1990)) (internal quotation marks omitted).

"The principal difference between the SSA fee provision and the EAJA is that EAJA fees are paid by the government to the litigant to defray the cost of legal services whereas

3

the SSA fees are paid by the litigant to the attorney from the past-due benefits awarded." *Wells v. Bowen*, 855 F.2d 37, 41 (2d Cir. 1988). An attorney for a prevailing claimant may seek both SSA and EAJA fees and, in the event he succeeds, must give the smaller of the awards to the claimant. *Id.* at 42. This arrangement serves to offset the cost of legal representation to a successful claimant by effectively reducing the amount of the attorney's fee paid from the claimant's own pocket by the amount awarded under EAJA. *Gisbrecht*, 535 U.S. at 796. Thus "whenever a credible argument can be made that the government's position in opposing certain social security benefits was not substantially justified, the attorney working under a contingent-fee agreement can best defray the client's cost of legal services by seeking both EAJA and SSA fees." *Bowen*, 855 F.2d at 42.

While an attorney is by no means required to apply for EAJA fees in every case, his failure to do so in certain cases may bear on the reasonableness of any future fee he requests under the SSA. This is because the result obtained for his client may directly suffer when a lawyer seeks only SSA fees when he should have but did not apply for EAJA fees. *Losco v. Bowen*, 638 F. Supp. 1262, 1266 (S.D.N.Y. 1986). Where an EAJA application would have succeeded, each dollar that would have awarded under the EAJA (up to the amount requested under the SSA) is a dollar the claimant should receive but does not. And when a lawyer fails to seek the best possible results for his client, this raises questions about the abilities and priorities of the attorney, thus reflecting negatively on the quality of the representation provided.

I am not suggesting that a lawyer's failure to request EAJA fees will in *all* cases bear on the reasonableness of a future fee request under the SSA. Only when an attorney should have but did not request EAJA fees does his failure to do so have the potential to affect the quality of the representation provided and the result achieved. Thus I consider an attorney's

4

decision not to request EAJA fees as part of my SSA reasonableness analysis only when the attorney could have made a *colorable* claim that the government's position was not substantially justified.

In this case, Leifer says that he did not request EAJA fees because Gallo's case "was not resolved at the judicial level and [she was] not successful at that level (remand rather than award)." Leifer Letter ¶ 4, Oct. 5, 2011. He argues that under these circumstances, an EAJA award is unavailable, presumably because he believes Gallo is not a "prevailing party" under the EAJA. *See* § 2412(d)(1)(A) ("[A] court shall award to a prevailing party . . . ."). Leifer misunderstands the law. There are two kinds of remands that a court may order under the SSA. *See* 42 U.S.C. § 405(g); *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). The first, authorized by sentence four of § 405(g), permits a remand only when the court enters judgment reversing, modifying, or affirming the Commissioner's determination. *Id.* at 297. The second, authorized by sentence six of § 405(g), allows the court to enter a remand without judgment, but only in special circumstances not relevant here. *Id.* at 297 & n.2. The Supreme Court has made clear that a claimant who has obtained a sentence-four remand is a "prevailing party" for purposes of the EAJA and is eligible to apply for EAJA attorney's fees. *Id*. at 300-02 (1993). Thus because Gallo obtained a sentence four remand, *see Gallo*, 2010 WL 3999093 (judgment reversing Commissioner's determination and remanding), Leifer could have been awarded EAJA fees for her case.

Leifer also argues that EAJA benefits were not warranted in Gallo's case because the "EAJA is intended to enable a claimant . . . to challenge an unreasonable or illegal government act" and he does "no[t] believe that the government's actions in this case reached that level." Leifer Letter ¶ 5, Oct. 5, 2011. Leifer misstates the relevant standard. As explained

above, EAJA fees are available upon request by a prevailing party in an action against the United States, unless the government shows that its position was "substantially justified."

As my Order granting Gallo's motion for judgment on the pleadings makes evident, *see Gallo* 2010 WL 3999093, Gallo could have made a colorable claim that the government's position was not substantially justified and he should have applied for EAJA fees. Thus considering the results Leifer obtained for Gallo and the quality of representation he provided to her, I find that the fee he requests under the SSA is unreasonable. I find instead that his SSA fee should be the difference between the amount he requests ($10,444) and the maximum amount that he could have received had he successfully applied for EAJA fees ($4,721.47 at an hourly rate of $180.83). In other words, the amount of money that Gallo will pay Leifer from her past-due benefits is the same amount she would have paid if Leifer had applied for and been awarded EAJA benefits ($5,722.53).

## CONCLUSION

For the reasons provided, I award Leifer $5,722.53 in attorney's fees pursuant to § 406(b)(1)(A) of the SSA.

So ordered.

John Gleeson, U.S.D.J.

Dated: November 8, 2011
Brooklyn, New York